## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 39203

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 665 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CODY WILLIAM PARMER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Judgment of conviction for battery with intent to commit a serious felony, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Cody William Parmer appeals from the judgment of conviction entered upon the jury verdict finding him guilty of battery with the intent to commit a serious felony, Idaho Code §§ 18-903, 18-911. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The victim, S.H., a minor, went to Parmer's residence and drank alcohol, danced, and played cards with Parmer and his roommates, including Ms. Seeling. While S.H. and Parmer were dancing, Parmer allegedly bit S.H. multiple times and attempted to touch her vagina. Later, S.H., Parmer, and Seeling went into a bedroom and lay down on a bed. Seeling momentarily left the bed and Parmer allegedly rolled on top of S.H. and began having sexual intercourse with her. S.H. testified that she told him to stop and then pushed him off of her and S.H. left the residence

1

and reported the incident to authorities. Thereafter, Parmer was arrested and charged with rape, both forcible rape and statutory rape, as alternate theories of the charged offense.

Following trial, Parmer was acquitted of the rape charge but convicted of a lesser included charge of battery with attempt to commit rape. The district court imposed a unified term of sixteen years with six years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Parmer on probation for five years. Parmer timely appeals.

## II.

## ANALYSIS

Parmer claims that the prosecutor engaged in a pattern of misconduct while cross-examining defense witness Seeling. Specifically, Parmer claims that the prosecutor committed misconduct by using inflammatory language to influence the jury and by repeating inflammatory questions after the district court ruled that the questions were inadmissible. The State asserts that Parmer is required to meet the fundamental error standard because he did not move the district court for a mistrial based on the alleged prosecutorial misconduct and therefore, the question of whether the prosecutor's conduct deprived him of a fair trial was not first addressed by the district court. The State further contends that the prosecutor's questions did not amount to prosecutorial misconduct and that any error was harmless.

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection we determine factually if there was prosecutorial misconduct, then we determine whether the error was harmless. *Id.*; *State v. Hodges*, 105 Idaho 588, 592, 671 P.2d 1051, 1055 (1983); *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a defendant meets his or her initial burden of showing that a violation occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010).

2

During cross-examination of Seeling, the prosecutor asked her several questions challenging her recollection of the events and her truthfulness. During the examination, the prosecutor provided Seeling with a transcript of her interview with the prosecutor and an investigator. The prosecutor attempted to impeach Seeling and refresh her memory on multiple occasions by using the unsworn transcript from the interview. Throughout the extensive cross-examination, defense counsel objected to thirty questions and the district court sustained sixteen of the objections.[1]

On appeal, Parmer argues that the prosecutor used inflammatory language and repeated questions after the district court made adverse rulings. Parmer asserts that the prosecutor's questions constitute misconduct. To demonstrate the alleged misconduct, Parmer points to various portions of the transcript wherein the district court sustained objections to the prosecutor's examination of Seeling.[2] First, Parmer attempts to demonstrate the prosecutor's inflammatory language by pointing to the following portions of the transcript where the prosecutor attempted to impeach Seeling:

| [STATE]: | Oh, okay. Well, when you were smoking and you say that Mr. Parmer was on top of [S.H.], didn't you look at her at some point? |
| SEELING: | Yes. |
| [STATE]: | And you saw her face? |
| SEELING: | No. I saw her arm. |
| [STATE]: | Didn't you look and see her face? |
| SEELING: | No. |
| [STATE]: | Didn't you look and see that she was scared when Mr. Parmer was on top of her? |
| SEELING: | I couldn't see her face. It was on the bed. |
| [STATE]: | Why don't you turn to page 24. See if that refreshes your memory about whether or not she was scared when Mr. Parmer was on top of her. |
| SEELING: | (witness complies). |

---

[1] Thus, there are numerous instances in the cross-examination where the prosecutor successfully refreshed, impeached, and/or established a lack of recall of the witness without objection or with the objection being overruled.

[2] Parmer also attempts to demonstrate misconduct by pointing to various places in the transcript where the district court allegedly admonished the prosecutor. After reviewing the record, we determine that the alleged admonishments were merely elaborations from the district court explaining its rulings. Only once during the relevant cross-examination did the district court instruct the prosecutor to move on, which he did.

| | |
|---|---|
| [STATE]: | What do you think now? |
| SEELING: | That I don't remember what happened a year ago, and I don't know what I said, so I'm trying to remember as close as I can. |
| [STATE]: | What you said is right there. |
| SEELING: | Uh-huh. |
| [STATE]: | Didn't you say that-- |
| [DEFENSE COUNSEL]: | Objection, your Honor; this is improper questioning. |
| COURT: | Not sure what the question is right now. |
| [STATE]: | Well, I hadn't asked it yet. |
| COURT: | Finish your question. |
| [STATE]: | Was she scared or not when Mr. Parmer was on top of her? |
| SEELING: | By what I said, yes, but what I remember--I don't remember it, so . . . |
| [STATE]: | *Okay. So you were lying to myself and Mr. Kirkhart?* |
| SEELING: | I'm not saying I was lying. |
| [DEFENSE COUNSEL]: | Objection; argumentative. |
| COURT: | Sustained. |
| [STATE]: | *You were not telling the correct version of what happened when you spoke with Mr. Kirkhart and myself?* |
| SEELING: | I'm not saying I was lying about it. |
| [DEFENSE COUNSEL]: | Objection; I'd ask that you admonish counsel. |
| COURT: | Sustained. |
| [STATE]: | Which version is the correct one? |
| SEELING: | I'm saying I don't know. I don't remember. That could be right; it could not be right. I don't know. |
| . . . . | |
| [STATE]: | Ma'am, when you were speaking with [defense counsel], you indicated there was sexual contact between yourself and [S.H.]. Is that correct? |
| SEELING: | Yes. |
| [STATE]: | When you spoke with Officer Moore, you didn't tell him that, did you? |
| SEELING: | Nope. |
| [STATE]: | Why is that? |
| SEELING: | Because he wasn't asking about me. |
| [STATE]: | Well, he asked if anything else happened, didn't he? |
| SEELING: | I don't remember. |
| [STATE]: | *You didn't tell him because it didn't happen. Isn't that right?* |
| [DEFENSE COUNSEL]: | Objection; argumentative, your Honor. |
| COURT: | Sustained. |

| | |
|---|---|
| [STATE]: | Have you ever told anyone else that there was no sexual contact between yourself and [S.H.]? |
| [DEFENSE COUNSEL]: | Objection; relevance, your Honor. |
| COURT: | Overruled. You can answer that question. |
| SEELING: | Uh, I told you and Mr. Kirkhart. |
| [STATE]: | Why did you do that? |
| SEELING: | 'Cause you were asking the questions. |
| [STATE]: | *Why would you lie to myself and Mr. Kirkhart?* |
| [DEFENSE COUNSEL]: | Objection, your Honor, to the nature of the question. |
| COURT: | Sustained. |
| [DEFENSE COUNSEL]: | I'd ask that you admonish counsel about this line of questioning, sir. |
| COURT: | Well, that's argumentative, [defense counsel]. Rephrase your question, please. |
| [STATE]: | Ma'am, what did you tell myself and Mr. Kirkhart? |
| SEELING: | That [S.H.] had-- |
| [DEFENSE COUNSEL]: | Objection, your Honor; calls for hearsay, an out-of-court statement offered for the truth. |
| COURT: | I believe it's offered for impeachment. [State], go ahead and proceed. You can answer the question. |
| SEELING: | All right. That [S.H.] had her hands down my pants. |

(Emphasis added.)

Parmer claims that the above-emphasized questions demonstrate that the prosecutor used inflammatory language "calculated to inflame the passion and prejudice of the jury." Further, Parmer argues that the prosecutor repeated the questions after the district court sustained an objection regarding the line of questioning. Parmer alleges that the prosecutor's alleged improper questions constituted misconduct. We disagree. The questions and answers between the prosecutor and Seeling demonstrate an inelegant effort to impeach a recalcitrant witness using an unsworn statement. The district court initially sustained an objection to an impeachment question based on the improper structure of the question--that it was argumentative--and not based on any improper substantive response the question would elicit. Eventually, the prosecutor phrased the question in an unobjectionable manner and received a response from the witness. While the original questions may have been improper phrasing when impeaching a witness, the questions and responses were not improper as an attempt to inflame

5

the jury. Further, the sustained objection to the structure of the question did not prevent the prosecutor from rephrasing the question, as directed by the district court.[3]

Second, Parmer points to the following colloquy to demonstrate that the prosecutor continued to ask improper questions after the district court sustained objections from defense counsel:

| | |
|---|---|
| [STATE]: | At the time that Mr. Parmer was poised above her moving his bare buttocks back and forth, where was [S.H.]'s pants? |
| SEELING: | At her ankles. |
| [STATE]: | And how did they get down there? |
| SEELING: | I don't know. I was smoking. I didn't see what happened at that point. |
| [STATE]: | Didn't he rip them down there? |
| SEELING: | I don't know. |
| [STATE]: | Why don't you turn to page 23? My question is gonna be: Do you remember whether or not he ripped them down there? Okay. Why don't you answer that question first. Do you remember whether or not Mr. Parmer ripped [S.H.]'s pants down? |
| SEELING: | No, I don't. |
| [STATE]: | All right. Take a look at page 23 and see if that will refresh your memory. |
| SEELING: | As a quote, I said, "I think he ripped them off." I don't know if he did, her pants. I don't know. |
| [STATE]: | *So at some point, you told somebody that you think Mr. Parmer ripped her pants off of her?* |
| [DEFENSE COUNSEL]: | Objection, your Honor. Lack of foundation, personal knowledge. |
| COURT: | Yeah, sustained. |
| [STATE]: | *And he ripped those down to her ankles?* |

---

[3] Parmer likens the prosecutor's questions in this case to those determined to be prosecutorial misconduct in *State v. Ellington*, 151 Idaho 53, 253 P.3d 727 (2011). In *Ellington*, the prosecutor intentionally elicited highly prejudicial and irrelevant responses from a witness regarding the disturbing nature of the crime and asked the victim's spouse four questions in a row that included a version of the gratuitous and inflammatory phrase "ran over your wife" in reference to the defendant. *Id.* at 62-63, 253 P.3d at 726-27. The present case does not involve such substantive questioning, but rather impeachment. The challenged questions did not elicit or reveal inadmissible evidence, reference inadmissible or damaging information about Parmer, or implore the jury to find its verdict on some improper basis. Instead, the asserted impropriety of the questions was based upon their argumentative and repetitive nature.

| [DEFENSE COUNSEL]: | Same objection, your Honor. This is asked and answered. |
|---|---|
| COURT: | Sustained. |

(Emphasis added.)

Parmer argues that the objected-to questions rose to the level of misconduct for two reasons: (1) when the prosecutor asked the first objected-to question, he was aware that the witness did not recall the statement she made to him; and (2) when the prosecutor asked the second objected-to question, he was aware that his line of questioning was not permissible because the district court sustained the prior objection. After reviewing the record, we conclude that the prosecutor's questions do not constitute misconduct. As before, the prosecutor was artlessly attempting to impeach Seeling's memory by having her refresh her memory using an unsworn statement. Seeling, after apparently reading page 23 of her prior statement, stated that "[a]s a quote, I said, 'I think he ripped them off,'" but then indicated she didn't know, to which the prosecutor asked, "So at some point, you told somebody that you think Mr. Parmer ripped her pants off of her?" which was objected to and sustained on the basis of lack of foundation and personal knowledge. However, the question was not objectionable as lacking foundation or personal knowledge, as Seeling had just indicated that she had previously done so. The prosecutor then asked, "And he ripped those down to her ankles?" This improper question[4] was objected to on the basis of asked and answered which was properly sustained and the prosecutor moved on. The first question inquired into what the witness previously reported, while the second question inquired into what the witness actually saw. Parmer's first argument--that the prosecutor knew that the witness did not recall the statement she made to him--is belied by the record. The record indicates that the prosecutor never asked that question and that Seeling never testified that she did not remember making those statements to the prosecutor and his investigator. Parmer's second argument--that the prosecutor knew the line of questioning was impermissible due to the sustained objection--is also unpersuasive. The prior objection was

---

[4] It is clear from the cross-examination that the prosecutor was attempting to show inconsistencies between Seeling's testimony and her prior interview with the prosecutor and the State's investigator. Seeling's inability or unwillingness to recall certain statements and events was frustrating the prosecutor's effort. That does not mean, however, that the prosecutor is free to succumb to that frustration and argue with the witness, through argumentative or repeated questions, and should be so cautioned.

sustained on the basis that there was a lack of foundation as to the prior inconsistent statement. There was no sustained objection supporting the assertion that the line of questioning was improper. In fact, nothing suggests that the line of questioning was improper in the sense of its substance, but only as to the questions themselves.

Parmer also argues that the following questions were improper because the district court sustained a prior objection:

| | |
|---|---|
| [STATE]: | This opinion that [defense counsel] asked you about and that you gave us, you're giving us that opinion after looking at those bite marks on that girl's body? |
| [DEFENSE COUNSEL]: | Objection; argumentative, your Honor. |
| COURT: | Sustained. |
| [STATE]: | Well, how can you think that his advances were not unwanted when you look at those bite marks? |
| [DEFENSE COUNSEL]: | Objection; same objection, you Honor. |
| COURT: | Sustained. [State], she's testified as to her knowledge of those marks. The question did not refer to her opinion only but what was going on at the time. Sustained. Stay away from this. |

Defense counsel objected to the first question because of the method in which the question was asked. As discussed above, it is not misconduct to rephrase a question in response to an objection that was sustained based on the question's structure. The fact that the second question suffered from similar structural flaws as the first question does not make the question misconduct. The question, unanswered by the witness due to the sustained objection, did not itself provide inadmissible evidence and did not elicit inadmissible testimony from the witness. Further, the prosecutor asked the questions to rebut Seeling's testimony that she did not observe anything that indicated Parmer "forced himself" on S.H. *See State v. Frauenberger*, 154 Idaho 294, 301, 297 P.3d 257, 264 (Ct. App. 2013) (holding that an investigator's testimony was for rebuttal purposes and not impermissible vouching, thus no misconduct occurred). Therefore, we determine that the prosecutor's questions did not rise to the level of misconduct. Accordingly, we conclude that Parmer has failed to demonstrate the prosecutor committed misconduct or that he was deprived of due process and a fair trial.

**III.**

**CONCLUSION**

Parmer has failed to show that the prosecutor committed misconduct.  Accordingly, his judgment of conviction for battery with intent to commit a serious felony is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**